## BETHLEHEM STEEL CORPORATION, Plaintiff,

v.

## UNITED STATES, Defendant,

and

## The Algoma Steel Corporation, Limited, Defendant–Intervenor.

### Court No. 89–07–00382.

United States Court of International Trade.

July 21, 1989.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon and Elizabeth M. Seltzer, Washington, D.C., for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice (Velta A. Melnbrencis, on the brief and A. David Lafer at oral argument), U.S. Dept. of Commerce, Office of the Chief Counsel for Import Admin., and Tina Stikas, Washington, D.C., for defendant.

Dow, Lohnes & Albertson, William Silverman, Ryan Trainer, Douglas J. Heffner, R. Will Planert, Washington, D.C., and Bernice A. Browne, for defendant-intervenor.

DiCARLO, Judge:

Plaintiff seeks disclosure, under protective order, of verification exhibits submitted by a foreign producer in an ongoing antidumping investigation. The government and defendant-intervenor move pursuant to Rule 12(b) of the Rules of this Court to dismiss this action because it was prematurely filed.

The Court finds that the there was no "constructive denial" of the application for access to the verification exhibits because the time allowed Commerce to determine whether to grant the application had not yet expired. One business day after plaintiff filed this action, Commerce did deny the application. The Court lacks jurisdiction under 28 U.S.C. § 1581(f) (1982) over this premature action.

## BACKGROUND

An antidumping investigation of certain steel rail from Canada was initiated on October 21, 1988. *Initiation of Antidumping Duty Investigation; New Steel Rail, Except Light Rail, From Canada*, 53 Fed.Reg. 41,392 (Oct. 21, 1988). The sole respondent in this investigation is the Algoma Steel Corporation, Ltd.

Pursuant to 19 C.F.R. § 353.30(a)(1), plaintiff's counsel applied to Commerce on December 1, 9, and 14, 1988 for access to Algoma's confidential documents submitted during this investigation, including verification exhibits. R. 1–3. Commerce issued an administrative protective order (APO) on December 20, 1988, but denied counsel's general request for release of verification exhibits. R. 4.

Commerce verified Algoma's sales and cost questionnaire responses at Algoma's premises from May 8 to May 17, 1989. During verification, Algoma submitted various documents which it states contain "highly sensitive" business proprietary data. *Memorandum in Support of Defendant–Intervenor's Motion to Dismiss*, at

4. Algoma allowed Commerce to return with 213 (76 sales and 137 cost) examples of verification documents analyzed in Canada.

Commerce released confidential versions of the sales and cost verification reports to plaintiff's counsel on June 2 and 9, 1989. R. 5–6. Pursuant to section 1332 of the Omnibus Trade and Competitiveness Act of 1988, plaintiff's counsel requested APO access to particular verification exhibits. R. 7. Algoma objected generally to the release of the exhibits, but also identified certain documents for which it made no claim of confidentiality. R. 8, at 5 n. 1. After Algoma protested the release of verification exhibits, plaintiff requested all of the verification exhibits to be released to it under APO. R. 9, at 10.

Commerce subsequently determined that four documents obtained at verification were not confidential. Commerce released these verification exhibits on June 29, 1989.

Treating the partial release of verification documents as a denial of its June 5th request, plaintiff filed its summons and complaint on July 3, 1989 seeking access to certain sales and cost verification exhibits. Plaintiff alleged that "[g]iven its action of June 29 releasing some but not all exhibits [in response to the June 5 request for documents], the lapse of time since Bethlehem's June 5 request, and the impending deadline for a final determination, [Commerce's] inaction amounts to a *constructive denial* of Bethlehem's request." *Complaint* ¶ 12 (emphasis added).

One business day later, on July 5, 1989, Commerce issued its memorandum denying plaintiff's request for APO release of the remaining verification exhibits.

## DISCUSSION

The government and defendant-intervenor move to dismiss the action as premature because it was filed one business day before Commerce denied the request for verification exhibits, rather than "after the date of the denial of the request...." 28 U.S.C. § 2636(f) (Supp. V 1987).

█ Once the jurisdiction of the court is challenged, the burden is on the plaintiff to prove that jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

The jurisdictional provision invoked in the complaint provides that:

The Court of International Trade shall have exclusive jurisdiction of any civil action involving an application for an order directing the administering authority ... to make confidential information available under section 777(c)(2) of the Tariff Act of 1930.

28 U.S.C. § 1581(f) (1982).

Section 777(c)(2) of the Tariff Act of 1930 provides that "[i]f the administering authority *denies a request* for information under [19 U.S.C. § 1677f(c)(1) ] ... *then* application may be made to the United States Customs Court for an order directing the administering authority ... to make the information available." 19 U.S.C. § 1677f(c)(2) (Supp. V 1987) (emphasis added). A civil action contesting Commerce's denial of access to confidential business data must be commenced "in accordance with the rules of the Court of International Trade within ten days *after the date of the denial* of the request for such confidential information." 28 U.S.C. § 2636(f) (Supp. V 1987) (emphasis added).

█ The complaint alleges that given "the lapse of time since Bethlehem's June 5 request, ... [Commerce's] inaction amounts to a *constructive denial* of Bethlehem's request." *Complaint* ¶ 12 (emphasis added).

Algoma objected to the APO release of the verification exhibits. R. 8. When a person who submits confidential information raises an objection to its release, section 1332(2)(B) of the Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, 102 Stat. 1107, 1208 (1988), provides that Commerce must make a determination as to whether to release the information "within 30 days." This 30 day period commenced when plaintiff requested the verification exhibits on June 5, 1989, and expired 30 days later on July 5, 1989, when Commerce issued its denial. The Court finds that the "lapse of time since [plaintiff's] June 5 request" was within time

allowed under section 1332(2)(B) of the Omnibus Trade and Competitiveness Act and did not amount to a "constructive denial" upon which jurisdiction could be based. An action commenced before the happening of the event which is a condition precedent to the statutory grant of jurisdiction is premature and must be dismissed. *See, e.g., Allegheny Ludlum Steel Corp. v. United States*, 7 CIT 56, 61, 1984 WL 3662 (1984).

Recognizing the possibility that this action could be dismissed as premature, the plaintiff filed another action on July 19, 1989 to cure the jurisdictional defect. *Bethlehem Steel Corp. v. United States*, Court No. 89–07–00431. This second action is timely filed under 28 U.S.C. § 2636(f) (Supp. V 1987) as the time period allowed is calculated in accordance with Rule 6(a) of the Rules of this Court.

## CONCLUSION

There was no "constructive denial" of the application upon which to base jurisdiction. Commerce had 30 days to determine whether to release the verification exhibits, and did so within that time. The Court lacks jurisdiction under 28 U.S.C. § 1581(f) (1982) over this premature action. The government's and defendant-intervenor's motions to dismiss are granted.